[File. No. 6036.]

FIRST INTERNATIONAL BANK, a Banking Corporation, of Noonan, North Dakota, Respondent, v. L. S. CLARK, et al., and L. S. CLARK and C. J. Clark, Appellants.

(243 N. W. 282.)

Opinion filed May 21, 1932.    Rehearing denied June 30, 1932.

*Thos. C. Jepson* and *T. S. Stuart,* for appellants.

*E. J. McIlraith,* for respondent.

BURKE, J. This is an action to foreclose a real estate mortgage. Findings of fact and conclusions of law were made by the trial judge favorable to the plaintiff and from a judgment entered thereon the defendants appeal.

Appellant has specified seven errors, all relating to the findings of the trial judge, that it was a completed transaction for the delivery of the note and mortgage, that there was a consideration paid by the plaintiff and that the plaintiff was authorized to pay the consideration.

It is undisputed that during the years of 1925 and 1926 the defendant, C. J. Clark, and W. J. Hayes, Curley Stewart and Earl Storm were partners in a rodeo show at Crosby under an agreement to divide the profit and losses equally. Earl Storm, the secretary and treasurer, claims he advanced the money to pay the bills of the co-partnership. According to his testimony, the partnership lost twenty-seven hundred dollars. It is conceded that Mr. Clark, Mr. Hayes and Mr. Storm were responsible for the twenty-seven hundred dollars or nine hundred dollars each, and that Curley Stewart could not pay any part of the partnership debts. At a meeting of the three partners, Clark, Hayes and Storm in April, 1927, Storm showed cancelled checks, bills and vouchers amounting to twenty-seven hundred dollars.

The defendant Clark testified that on April 18th or 19th, 1927, he went with Mr. Storm to the plaintiff bank and states: "I don't know whether I made the application for the loan or whether Mr. Storm made a few remarks, but any way the idea was that I wanted to borrow one thousand dollars. I told him what security I had to offer. He asked me what rate of interest I would pay and I told him that it was not customary to dictate the rate of interest. He said if the security

was as represented he would make the loan. We talked of Storm or the Stampede Association having some money coming. I think there was a conversation in which I stated that I owed Storm or the Stampede Association a certain amount of money and that was the real reason I wanted to make this loan because Storm wanted his money immediately."

It is the contention of the plaintiff that Storm and Clark came to the bank on April 18, 1927, representing to the plaintiff bank that the defendant, Clark, wanted to borrow $995.74 to pay Earl Storm for money advanced by Storm to pay Clark's proportionate share of the indebtedness of the partnership existing between Clark, Storm, one Curley Stewart and W. J. Hayes. That the note and mortgage were made out at that time on plaintiff's blanks, that they were executed by the defendant, Clark, and taken by him for the purpose of getting the signature of Mrs. Clark, but the money had been paid to Storm, who, as Clark said, wanted the money immediately. There was no one present at that time but Clark, Storm and Albert McKee, who represented the bank. The note was made out for one thousand dollars, but it is conceded by the plaintiff bank that the real amount was $995.74 and this was the amount allowed by the trial judge. According to the testimony of Storm and McKee, Clark made the loan knowing that the bank had paid the money to Storm. Clark himself testified that he went in there on that occasion to borrow one thousand dollars, that he wanted to make this loan as Storm wanted his money immediately and this loan was to pay his indebtedness to Storm or Rodeo Company. True, Clark claims that he was to have part of the loan, but he never made any demand for or claimed any part of it. The note given by Clark was for his debt, his share of the indebtedness of the partnership. It was certainly legal for Clark to pay his debt in this way and as the findings of fact are fully sustained by the evidence, the judgment is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.